**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **TIFFANY JONES,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-14-762** |
| **FAMILY HEALTH CENTERS OF** | * | |
| **BALTIMORE, INC.,** *et al.*, | * | |
| **Defendants** | * | |
| | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM AND ORDER</u>**

On March 23, 2015, Defendants filed a motion for summary judgment.  (ECF No. 38.)

Plaintiff's response in opposition was originally due on or before April 9.  (*See id.*)  On April 10,

Plaintiff filed a request for extension of time.  (ECF No. 39.)  The Court granted Plaintiff's

request, setting Plaintiff's response to be due on or before April 22, and warning that "[t]his

[would] be the final extension."  (ECF No. 40.)  Apparently, Plaintiff's attorney (or his law

office employee) physically handed a hard copy of Plaintiff's response in opposition to an

employee at the Clerk's Office on April 17, with Plaintiff's counsel believing that this satisfied

the Court's filing requirements.  (*See* ECF No. 43.)  The Clerk and the Court both construed

Plaintiff's paper submission to be nothing more than a courtesy copy, not the official "filing."

(*See* ECF No. 41 n.1)  The submission was not docketed.  On April 23, noting that Plaintiff had

failed to file electronically a timely response, the Court ordered Plaintiff to seek leave to file out

1

of time.  (*Id.*)  Plaintiff filed a motion for leave to file out of time on April 24 (ECF No. 43), and

Defendants filed a response in opposition on April 27 (ECF No. 44).  Plaintiff also filed

correspondence with the Court on April 29, which the Court now construes as a reply brief.

(ECF No. 47.)

By local rule, the Court requires electronic filing, though some cases may be exempt

from electronic filing on request of counsel and for good cause.  *See* Standing Order 2003-8,

Misc. No. 00-308 (D. Md. Dec. 15, 2003) ("On March 3, 2003, the court began requiring

electronic filing in all non-exempt civil cases."); *see generally* United States District Court for

the District of Maryland, *Electronic Filing Requirements and Procedures for Civil Cases* (April

2013), *available at* http://www.mdd.uscourts.gov/publications/forms/Civil%20Manual%20-

%206.1%20-%20FINAL.pdf.  Indeed, the Court's local rule aligns squarely—nearly word for

word—with Fed. R. Civ. P. 5(d)(3): "A local rule may require electronic filing only if reasonable

exceptions are allowed."  *See also id.*, 2006 Advisory Committee Notes (the provision's relevant

language was adopted by amendment in 2006).   The Maryland local rule provides for

exemptions, but this is not an exempt case.   Plaintiff was required to file her response

*electronically*.  She did not have the option of filing an actual paper or hard copy response in lieu

of an electronic submission.  In this case, as in most cases in this district, electronic filing is

*mandatory*, not optional.

Contrary to Plaintiff's contentions, the Court's electronic filing requirement is not

contravened nor rendered unenforceable by Fed. R. Civ. P. 5(d)(4), which provides: "The clerk

must not refuse to file a paper solely because it is not in the form prescribed by these rules or by

a local rule or practice."  *See also id.*, 1991 Advisory Committee Notes (the provision's relevant

language was adopted by amendment in 1991).  Rule 5(d)(4) limits the Clerk's ability to refuse

filings based on the *form* of content appearing on the face of a filed submission (e.g., a proper case caption, style guidelines, etc.).  In requiring electronic filing, however, the Court mandates the *method* by which "papers" must be delivered to and docketed with the Court.  Thus, the Clerk may enforce the Court's long-standing electronic filing requirement without contravening Rule 5(d)(4).[1]  In addition, even if there was a conflict between Rules 5(d)(3) and 5(d)(4)—and the Court finds no such conflict—the Court would construe the conflict in favor of Rule 5(d)(3), the more recently adopted provision.  *See United States v. Under Seal*, 709 F.3d 257, 262 n.2 (4th Cir. 2013) (relying on the canon of statutory interpretation "*leges posteriores priores contrarias abrogant*—the rule that the more recent of two conflicting statutes shall prevail").  Therefore, the Court finds that the Clerk acted in complete compliance with the Federal Rules of Civil Procedure and the Court's local rules in requiring Plaintiff to file electronically her response brief.

The Court has carefully considered the arguments presented by both parties, and now confirms that Plaintiff did indeed fail to file a timely response in opposition.  That said, the Court finds that Plaintiff has adequately alleged "excusable neglect" for her delayed filing pursuant to Fed. R. Civ. P. 6(b)(1)(B).

---

[1] Further, even if the Court adopted Plaintiff's incorrect interpretation of Rule 5(d)(4), the rule would merely limit the *Clerk's* ability to reject filings, not the Court's.  In adding the language now found in Rule 5(d)(4), the advisory committee explained that it is "not a suitable role for the office of the clerk" to refuse filings for failure to conform to requirements of form.  Fed. R. Civ. P. 5, 1991 Advisory Committee Notes.  Instead, "[t]he enforcement of these rules and of the local rules is a role for a judicial officer."  *Id.*  If the Clerk had been barred from rejecting Plaintiff's improper paper filing by Rule 5(d)(4), then the Court would have stricken Plaintiff's nonconforming document.  *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1153 (4th ed.).

Accordingly, the Court now ORDERS as follows:

1.   Plaintiff's motion for leave to file out of time (ECF No. 43) is GRANTED.

2.   Defendants may file a reply brief—in relation to Defendants' motion for summary judgment (ECF No. 38)—on or before Thursday, May 21, 2015.

3.   The motions hearing scheduled for Friday, May 8 at 11:00 a.m. is VACATED.

DATED this 5th day of May, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge